LOCKRIDGE
*vs*
LOCKRIDGE.

a suit at law on
a note for the
same debt.

---

CHANCERY.

*Case 81.*

*April 15.*

## Lockridge *vs* Lockridge.

ERROR TO THE MONTGOMERY CIRCUIT.

*Alimony.   Equity and equitable jurisdiction.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

AN annuity of $140 having been decreed to *Mrs. Lockridge* for alimony, in consequence of a decision by this Court between these parties, reported in 3 *Dana,* 28, the husband lately enjoined a process of attachment for enforcing one year's allowance, on the ground that he had become so reduced in his resources as to disable him to make so large a contribution, and, therefore, prayed for a reduction. The wife resisted the prayer, but the Circuit Judge, upon the supplemental pleadings and process, modified the former decree and reduced the annuity, prospectively, and also, so far as it remained unpaid, to $33 33 cents. That decretal order is now to be revised.

The Chancellor
has power to
change a decree
for alimony, and
reduce it as the
circumstances of
the parties may,
in justice require

The power to either enlarge or diminish alimony, as circumstances shall render reasonable, cannot be doubted. And it is probable, in this case, that the husband, who is about 80 years old, unable to labor, and seems to own only two slaves, old and rather infirm, a tract of

about 750 acres of mountain land, and personal property apparently not exceeding $100 in value—cannot live on the profits of his estate and save as much as $140 a year. He has recently lost, by death, a slave whose hire was estimated at from $100 to $120; and, in other respects, *seems* to have less productive property than he had when the first decree was rendered; and, therefore, there being no proof of fraud or culpable improvidence in the reduction of his means, so far as it is shown to have occurred, we are of the opinion that, upon the facts as now appearing, the annuity ought to be reduced.

But it does seem to us that the reduction, as made by the Circuit Judge, is too great: 1st. The defendant in error evinces no disposition to take his wife again and treat her properly. 2d. In his first bill, he prayed for a reduction only to $80, and afterwards, without suggesting any reason for the change, he sought the modification as made. This rather implies a consciousness of ability to contribute as much as $80 a year; and moreover, he has not shown what disposition he has made of some money which he had when he was charged with the annuity of $140. 3d. Besides, he cannot be expected to need his estate much longer for his own maintenance, and his wife cannot live comfortably on so small an allowance as $33 33; and, therefore, if necessary for their mutual support, a small portion of his capital might, with propriety, be brought into requisition and appropriated to that object. They should both be comfortably maintained, if his estate can be made to secure that object, as long as they may live. 4th. Moreover, one of his witnesses was of the opinion that his visible estate would yield perhaps $100, *after supporting him,* annually; whilst another expressed the opinion that the whole annual use or product would not exceed $100 in value.

Upon these facts and considerations, we are of the opinion that the annuity should, for the present at least, be not less than $70.

And, therefore, the decretal order fixing it at $33 33, is reversed, and the cause remanded for a decree according to this opinion, for $70, until good cause for again

changing the annuity shall be made satisfactorily to appear.

*Apperson* for plaintiff; *Peters* for defendant.