Atherton, J.
The question presented by this record is: Did the petition set forth a cause of action good as against a general demurrer ?
If the decree, as to the amount of alimony to be paid the defendant, was the result of an agreement of the parties, and simply confirmed by the court, and that appeared by the direct averments of the petition, we would not say that the court erred in sustaining the demurrer. .But this nowhere appears by direct averment. If the exhibit could be looked to, as a part of the petition, perhaps it does appear, but the exhibit is no part of the pleading and does not help it out. We are therefore compelled to lay out of view, what counsel on both sides seem to concede in argument, that we should consider on this demurrer; that is what appears in the exhibit attached to the petition, but not made a part of it. Crawford v. Satterfield, 27 Ohio St. 421.
The real contention touches the right and duty of the court in a case like this to review, modify, or vacate a former decree granting alimony payable in installments by an original suit or proceeding instituted for that purpose, when such power had not been reserved by the language and form of the former decree.
It has been determined by this court that a decree for alimony is not necessarily affected by the subsequent marriage of the wife; although such a marriage may in some cases have the effect of reducing the amount. King v. King, 88 Ohio St. 870.
“ By the general doctrine, and as practiced in the country whence our laws are derived, aside, it seems, from all consideration of the form of the decree, the court may, at any time, and from time to time, on any change in the cir *508 cumstances of the parties, increase or reduce the sum allotted for alimony temporary or permanent. ... In this issue, as in all others, what is once adjudged is not to be retried. Yet as the allowance is a continuous support for the wife, changed facts may require an altered decree. As observed by Ur. Lushington, ‘ where there is a material alteration of circumstances, a change in the rate of alimony may be made. If the faculties are improved, the wife’s allowance ought to be increased; and if the husband is lapsus facultatibus the wife’s allowance ought to be reduced.’ ” 2 Bish. Mar. & Div., sec. 429 ; and see also secs. 430, 478, and 479.
It is also said, in section 484: “On the other hand, also, if she behaves herself, and does what is in the highest degree commendable by becoming a wife to a second husband, receiving her support from him, this further alimony may likewise be with propriety discontinued.”
Upon the same point see also Fisher v. Fisher, 32 Iowa, 20; McGee v. McGee, 10 Ga. 486; Wheeler v. Wheeler, 18 Ill. 40; Rogers v. Vines, 6 Ired. 293; Lockridge v. Lockridge, 2 B. Mon. 258. All of which maintain the doctrine of the authority of the court to modify or vacate the former decree as to alimony as the changed condition of the parties thereto may require.
Upon these authorities and others of like tenor, as well as upon principle, we think a cause of action for the review and modification of the decree is set forth, and that the court erred in sustaining the demurrer to the petition. If, however, it shall, in the further progress of the case, appear that the former decree, instead of being in the nature of alimony payable in installments for the support of the wife, was in the nature of a permanent division of the husband’s property, and that the parties fixed the same by their own agreement, and the action of the court in the premises was simply an affirmance of the agreement by consent, this, if alleged and proved, may furnish a complete defense. As to that we express no opinion now. We are of opinion that the demurrer should be overruled, and leave given *509 the defendant to answer, and the case be remanded to the court of common pleas for trial.

Judgment accordingly.