## Smith v. Smith.

(Decided December 19, 1931.)

ORIE S. WARE and ELMER P. WARE for appellant.

JOHN T. MURPHY, STEPHENS L. BLAKELY and HELM WOODWARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, a man 64 years of age, living in Cherokee, Okl., and the appellee, a woman of about 38 years of age, living in Welston, Ohio, were through the intervention of a marriage bureau married on February 23, 1929. They spent a short honeymoon on the farm of appellant's mother in Pennsylvania, and then went to Cherokee, Okl., where they lived for some five or six weeks. The appellee did not like living in Oklahoma and persuaded the appellant to come to Ludlow, Ky., to live. On May 15, 1930, she brought this suit in the Kenton circuit court for alimony, alleging that the appellant had treated her in a cruel and inhuman manner and was about to desert her and to go to Oklahoma to live. She asked a restraining order restraining him from disposing of his property pending the litigation and for alimony pendente lite. The appellant on that day or the next did leave for his home in Oklahoma, where he consulted

counsel about the suit which had been filed against him. His Oklahoma counsel wisely advised him to procure local counsel to fight the suit, and appellant returned to Kentucky for that purpose. He arrived in Cincinnati, which is just across the river from Ludlow, on May 28th or 29th, but, instead of procuring counsel, he endeavored by telephone and otherwise to get in touch with his wife. In this he was unsuccessful until Sunday evening, June 2d, when she came to the hotel where he was stopping in Cincinnati. He testified that she told him it would be foolish for him to spend money in getting a lawyer and that he had better use it in providing for her. Being, as he says, overpersuaded, but in just what respects he is silent, he agreed to meet her the next morning and to go with her to her lawyer's office for the purpose of drawing up an agreement as to her alimony. He did meet her the next day and went to her lawyer's office. He says that she grossly misrepresented to her lawyer in his presence the extent and value of his estate, but just how he could have been deceived by this is not apparent to us, for he does not pretend that his wife's lawyer was acting as his lawyer in the transaction. At all events, he admits that his wife dictated to her lawyer in his presence the substance of an agreement concerning her alimony which, according to the undisputed testimony in this case, is out of all reason in view of the extent and character of appellant's estate. This agreement was reduced to writing by her lawyer and then read over to the appellant before he signed it. He does not claim that he misunderstood its terms or was not thoroughly aware of what it provided that he should do. On the contrary, he signed it, fully knowing what the terms were and without any protest on his part. He said he did this because he was allured into doing so, but he does not state a single fact on which he bases this charge of allurement. He does say that he did not know that it was an agreed judgment which he was signing. On cross-examination he is finally forced to admit that the only objection he really has to the document which he signed is and was that, instead of its being a contract, it is an agreed judgment. His cross-examination further does not leave the reader with a clear idea that he did not know it was an agreed judgment which he was signing. At all events, after having signed the agreed judgment which was later entered in the suit by his wife's counsel, he returned to Oklahoma, where, after seeing his Oklahoma counsel and learning to what extent

he had stripped himself of his property, he became dissatisfied and returned to Kentucky and did what he ought to have done in the first place, employed counsel who now seek by motion to set aside this agreed judgment on the ground of its having been procured by fraud and over-reaching. In the case of Karnes v. Black, 185 Ky. 410, 215 S. W. 191, 192, an effort was made to set aside an agreed judgment. We take this from the opinion:

"Appellant admits she signed the order, but says she did not realize the effect of it; she understood all along that, if the case was dismissed, she could file another suit; that when her chief counsel informed her he intended to quit the case it made her feel bad and nervous; she was worried and did not know what to do; she wanted to dismiss without prejudice; her counsel did not explain to her the difference between an order dismissing without prejudice and dismissing the case settled. She thinks, however, her counsel's nephew, in whose office the order was signed, explained to her the nature of the two orders at the time they were written."

After setting forth these facts, the opinion goes into a thorough discussion of the principles applicable to setting aside consent judgments and lays them down thus:

"An order made by consent can never be vacated without the consent of all the parties, unless it affirmatively appears that its rendition was procured by fraud or mutual mistake, the two essential prerequisites to the exercise of the power to annul or vacate such an order. 29 Cyc. 1519; Deaver v. Jones, 114 N. C. 649, 19 S. E. 637.

"There must be a finality to court proceedings. Where litigants reach an agreement to settle their difficulties, and dismiss a suit, some binding effect must be given to the order of dismissal, signed as is the order in question by all parties in interest and their attorneys. . . .

"Where a decree is made by the consent of the parties, the court does not inquire into the merits or equities of the case. The only questions to be determined by it are whether the parties are capable of binding themselves by consent and have actually done so. If these two facts appear, the court orders

a decree to be entered, and when thus entered, showing on its face that it is by consent, it is conclusive upon the consenting parties. Stites v. McGee, 37 Or. 574, 61 P. 1129.

"A judgment by consent of parties is a judgment, the provisions and terms of which are settled and agreed to by the parties to the action to be affected by it, and it is placed upon and becomes of record by the consent and sanction of the court. The court does not settle the grounds or the terms of it; it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; and therefore the court cannot amend, modify, or correct it, except by the consent of all the parties to it. It is essentially, in its provisions, the agreement of the parties, and if the court should change it in any respect without consent, it would cease at once to be the judgment agreed upon by the parties; and such exercise of judicial power would be a practical denial of the right of the party prejudiced, or supposing himself prejudiced, to be heard according to law. McEachern v. Kerchner, 90 N. C. 177. See, also, Morris v. Peyton, 29 W. Va. 201, 11 S. E. 954.''

There is no evidence whatever in this record to show that any fraud was practiced upon the appellant. True it is that he has made a very improvident contract, but there is an entire absence from the record of any facts to show that such contract was procured by any fraud practiced upon him. Except that the document he signed was an agreed judgment instead of a contract, appellant even now makes no contention that he did not thoroughly undertsand what he was signing and the terms of it. He says:

"Q. What difference does it make to you, whether it was an agreement or a judgment? A. A lot of difference.

"Q. What difference? (Objected to by defendant.)

"Q. What difference did it make to you whether it was a judgment or an agreement? A. Well, a judgment you know you could take out there and file it against, you could file it out there and I never could sell my property, and an agreement you couldn't do that.

"Q. You expected to pay the agreement, didn't you? A. I expected to if I had the money.

"Q. If it had been an agreement, you expected to carry it out, didn't you? A. If I had the money to do it with. . . .

"Q. Do you mean to tell the Court, that if this had been an agreement instead of a judgment, you mean to tell the Court that you would carry it out, or that you did not expect to carry it out? (Objected to by Defendant; objection overruled; defendant excepts.) A. I would have to carry it out as far as my ability to pay would have been. . . .

"Q. Well, the only objection that you are making to this judgment or agreement, whatever you want to call it is, not that you didn't enter into the agreement in good faith to pay these sums, but because it is a judgment that could be filed out there to stop you from selling your real estate? A. Yes, sir, that's one objection.

"Q. Have you any other objections to it? A. No, sir, I don't know that I have."

In the light of this testimony, it is impossible to say that appellant brings himself within the rules which authorize a court to set aside a consent judgment because it has been procured by fraud.

It is also argued that the consent judgment herein is void because no proof was introduced to sustain the allegations of the petition, and section 2119 of the statute is cited. That section, so far as pertinent, reads:

"No petition for divorce shall be taken for confessed, or be sustained by the admission of the defendant alone, but must be supported by other proof."

But this was not a suit for divorce, but one only for maintenance and alimony. Consent decrees as to alimony have been upheld in many opinions of this court. Keach v. Keach, 217 Ky. 723, 290 S. W. 708, is fairly illustrative. Further, separation agreements settling property rights, which are untainted with fraud or overreaching, are enforced by the courts and the consent judgment here reaches the same result as would have been arrived at had the parties made an agreement which appellant says

he would have tried to live up to and the enforcement of that agreement were the subject-matter of this suit.

The judgment of the lower court being in accord with these views, it is affirmed.