## Reynolds et al. v. Reynolds.

(Decided Oct. 10, 1933.)

ROBERT G. WULF and BECKHAM OVERSTREET for appellants.

WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

A divorce was granted the appellant Pyna Reynolds from Charles R. Reynolds, and in addition to a judgment for $300, the sum she had paid on property, the title to which is held by the appellee, she was awarded alimony of $50 a month and $100 attorneys' fee. She prosecutes an appeal from the judgment of alimony, and her counsel joins in the appeal from the order allowing his fee.

The parties were married about twelve years and seem to have gotten along all right for some time, but gradually drew apart. It is to be deduced that both of them were in some degree at fault for the progressive widening of the breach. The chancellor so found, but held that the evidence was technically sufficient to sustain the wife's claim for a divorce.

When they married the appellee had $1,000 and she had $300, with which they paid the first installment on the purchase of a home. He was a railroad conductor, industrious and domestic. When at home he devoted his time to repairing and improving his property, raising a garden, and otherwise occupied it in a profitable way. She did the household work, or practically all of it, and there is no claim of any spendthrift qualities. Reynolds owns several parcels of real estate of an aggregate net value of $8,600 and furniture worth $200. This valuation of $8,800 included the $1,000 and the $300 which the parties originally had. Thus an estate of $7,500 has been acquired during their married life. It would seem to have been accumulated through mutual economy and good management in their respective spheres. The appellee's monthly earnings for the year next preceding the trial averaged about $250, and he received about $40 from rentals. Out of this $290 monthly income, the chancellor held the husband should

pay $50 for the support of his former wife, who is without income or estate.

While she was not without fault for the conditions finally culminating in the separation, she was by no means wholly to blame. After considering the entire situation, it seems to the court that the wife is fairly entitled to a judgment of $2,000 in addition to the monthly alimony and the restoration of $300 which was allowed her. If conditions in the future should justify, the chancellor is authorized, under the law, to change the monthly alimony upon a proper presentation. See Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663. We are also of the opinion that the allowance to the appellant's counsel for his services below and in this court should be fixed at $200.

The judgment is reversed, with directions to modify it in accordance with this opinion.