## Harms v. Harms.

Feb. 22, 1946.

Marcus C. Redwine for appellant.

Rodney Haggard for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This appeal is from a judgment wherein the chancellor refused to modify a judgment of divorce entered against appellant in April 1942, which granted appellee the custody of Frank Harms, Jr., and directed appellant to pay her $40 semi-monthly for the support of herself and child until the latter became 21 years of age, at which time the allowance was to be reduced to $50 a month, during the time the mother remained unmarried.

Appellant insists that as the original judgment made provision for the custody and support of the child, it may be modified to that effect, and that the changed conditions of the parties since the judgment was entered amply justify its modification. It is the contention of appellee that the original judgment, so far as it concerns the allowance for the maintenance for herself and child and custody of the latter, was entered by agreement and that it was a final settlement of all property rights between the parties, therefore in the absence of fraud, duress or mistake, the chancellor was without authority to modify it, citing such cases as Smith v. Smith, 236 Ky. 693, 33 S. W. 2d 651; Renick v. Renick, 247 Ky. 628, 57 S. W. 2d 663. She further insists that the alleged change of conditions upon which appellant relies does not justify a modification of the original judgment even though the chancellor possessed the authority to modify it.

The Smith case, 236 Ky. 693, 33 S. W. 2d 651, holds that where the parties have entered an agreed judgment fixing the amount of alimony it cannot subsequently be vacated or modified without the consent of both parties, in the absence of a showing that it was procured by fraud or duress or was the result of a mutual mistake. While that part of the judgment now sought to be modified was entered by consent of the parties, it was not one fixing the amount of alimony, but was a judgment which concerned the custody and maintenance of a minor child, therefore it could be opened at any time upon the petition of either party. See KRS 403.070; Renick v. Renick, 247 Ky. 628, 57 S. W. 2d 663. That part of a judgment in a divorce suit which incorporates an agreement between parents concerning the custody and maintenance of a child is not binding on the court and cannot deprive it of jurisdiction to vacate or modify such judgment, and we so held in the Renick case. Therefore, the chancellor had jurisdiction to modify this judgment insofar as it concerned the custody and maintenance of Frank, Jr.

Appellant is 53 years of age, is a railroad fireman and his customary earnings run between $200 and $225 per month. Within about a month after his wife divorced him in 1942, he married a widow in Alabama with a daughter, who is now 10 years of age. He kept up the payments to his former wife and child until July 15,

1945, but the latter part of July he was compelled to have his appendix and gall bladder removed and the surgeon advised him not to return to work before October. Appellant had saved nothing, is a man of no property and is entirely dependent upon his earnings; therefore, it was necessary for him to borrow money to cover the expense of his operation and he did not continue the payments to his former wife after July 15, 1945.

In September, 1945, he filed a motion to modify the original judgment and appellee soon thereafter asked that a rule be issued against him to show cause why he should not be punished for contempt for failure to meet the semi-monthly payments provided in the judgment of divorce for the support of herself and her child. Both motions were heard together and while the chancellor did not modify the judgment, he refused to punish appellant for contempt on account of his failure to meet the semi-monthly payments during the time he was unable to work.

It cannot be doubted that appellant is able to comply with the judgment and make these payments when his health permits him to pursue his calling as a railroad fireman. Likewise, this record shows he could not make them while incapacitated from work on account of his illness. His son, Frank, Jr., at the time of the motion was between 16 and 17 years old but is quite small for his age. He has not done well in school, is often a truant and has only reached the sixth grade and he is too small to be able to do much work. He appears to be an emotional child, cried while on the witness stand when he expressed no fondness for his father and stated he desired to remain with his mother.

It seems from the record that the mother has not done a very good part by this boy in that she has neglected him, at least to the extent she has made no effort to have him regularly attend school. But his father has remarried and seems not to have shown interest in this son until the present litigation wherein he seeks to obtain a reduction in the semi-monthly payments for the support of the boy and his mother. It could be the cause of his solicitude now is that he thinks he can support the boy in his own household for less than it costs him to support his son while in the custody of the mother. Frank, Jr., has expressed a desire to remain with his

mother rather than go into the home of his father and stepmother. We have many times said in determining the custody of a child 12 years or more, that the wishes of the child are entitled to weight. Cummins v. Bird, 230 Ky. 296, 19 S. W. 2d 959; Bridges v. Matthews, 276 Ky. 59, 122 S. W. 2d 1021; Horn v. Dreschel, 298 Ky. 427, 183 S. W. 2d 22.

In the circumstances presented by this record we cannot say that the chancellor erred in refusing to change the custody of this 17 year old lad from his mother to his father where the youth expressed a desire to remain with the former. Nor did the chancellor err in refusing to reduce the allowance as it would be difficult for the mother and son to live in these days of high prices on less than $80 per month, and the appellant can well afford to pay that sum out of his earnings as his surgeon was of the opinion that he could return to work in October, 1945.

The judgment is affirmed.