## Mullins v. Mullins.

November 28, 1950.

E. D. Stephenson, Judge.

179

E. J. Picklesimer for appellant.

Francis M. Burke, Francis D. Burke and J. A. Runyon for appellee.

JUDGE CAMMACK—Affirming.

Harold and Patty Jane Mullins were married in 1944. In June, 1947, Harold Mullins filed suit for divorce. He asked for the custody of the couple's two-year-old son. In her answer and counterclaim Mrs. Mullins sought a divorce, custody of the child and an allowance for its support and alimony for herself. In September, 1947, the couple entered into an agreement under which Mr. Mullins withdrew his petition and Mrs. Mullins was awarded a divorce on her counterclaim. The agreement provided that each party was to have custody of the child every other year until he reached the age of 16. Mr. Mullins was to pay $50 per month for the support of Mrs. Mullins and the child during the time he was with her. Visitation periods were also provided. Judgment was entered according to the agreement.

After due notice, in September, 1948, Mrs. Mullins moved to have the judgment modified so as to give her

custody of the child. After hearing evidence on this motion the chancellor awarded Mrs. Mullins custody of the child and directed that Mr. Mullins pay $35 per month for its support. Mr. Mullins was given the right to visit the child and to have it in his home "at reasonable times so as not to interfere with its health and education."

On this appeal it is contended that (1) the chancellor had no right to modify the former judgment without redocketing the case; and (2) an agreed judgment can not be set aside except for fraud or mistake in its procurement.

The stenographic report of the evidence heard on the motion to modify the first judgment was ordered stricken from the record. We must assume, therefore, that the evidence supported the modification of the judgment. We find nothing in the record showing that the case was ever stricken from the docket. Furthermore, this question seems not to have been raised in the lower court, to say nothing of the fact that, under KRS 403.070, any judgment concerning the custody of minor children is subject to review at any time.

In Renick v. Renick, 247 Ky. 628, 57 S. W. 2d 663, it was held that a contract between parents, made either before or after the commencement of a divorce suit, was not binding in respect to the custody and maintenance of minor children so as to deprive a court of its jurisdiction under KRS 403.070. See also Harms v. Harms, 302 Ky. 60, 193 S. W. 2d 407.

Judgment affirmed.