Garnet Cline BOWLING, Statutory Guardian for Palmer Douglas Bowling, Appellant,

v.

Clyde L. ROBINSON, Administrator of the Estate of Dudley Bowling, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1960.

Dan Jack Combs, Harry C. Campbell, Pikeville, for appellant.

F. M. Burke, Henry D. Stratton, Francis D. Burke, Clyde Mullins, Donald Combs, Pikeville, for appellees.

STANLEY, Commissioner.

Pursuant to CR 76, we have an appeal upon an agreed statement of a separate issue presented and decided below in a suit to settle a decedent's estate. The question is thus presented.

"Where in connection with a divorce proceeding the husband and wife agree on the care and custody of the children and the amount payable for their support and maintenance, which agreement is subsequently incorporated in the divorce judgment and which judgment provides that it shall be subject to further orders of the court and thereafter the husband dies, is the obligation to pay for the support of the children as provided in the agreement and judgment terminated by the death of the father, or does it represent a continuing obligation of the deceased father enforceable against his estate."

The circuit court adjudged that the obligation of Dudley Bowling, the father of two children, under such an agreement and judgment was terminated by his death, and disallowed the claims of Mrs. Garnet Cline Bowling, their mother and statutory guardian, for $4,312.50, representing the aggregate of payments of $62.50 for a period of 69 months for Palmer Douglas Bowling until he becomes 21 years old, and $1,937.-50, representing total payments of the same sum for 31 months for Eugene Bowling when he will reach his majority. The appeal, however, is only by and in behalf of Palmer Douglas Bowling.

The judgment of divorce of the father and mother entered on November 13, 1946, "approved and confirmed" a separation agreement of the parties settling their respective property rights and concerning the custody of their four children. The agreement was incorporated in the judg-ment. The instrument provided that the wife should have the care and custody of Eugene and Palmer and the husband of two other children "subject to the further orders of the court" and the right of visitation. The father, Dudley Bowling, agreed to pay the mother for the two children awarded to her $125 each month for their "care, support and education * * * until the further orders of the court." He agreed in addition to pay their medical and hospital bills. The father continued to pay $125 monthly until January 15, 1957, when Eugene became 18 years old. He then reduced the payments to $62.50 a month.

Dudley Bowling was married three times, Mrs. Garnet C. Bowling being his second wife. He and his latest wife, Mrs. Fern Bowling, met simultaneous death in an airplane crash. He was survived by ten children, one by his first, four by his second, and five by his third wife. He bequeathed $500 to his son Eugene and $750 to his son Palmer. In disallowing the claims of their mother and guardian on the agreement, the court stated that if they should be allowed, the other children would receive little or nothing from their father's estate; and that the allowance of the claims would be in direct conflict with the provision of the decedent's will.

Decisions of other courts as to whether the obligation of a father to support his child under a judgment or separation agreement will survive against his estate as to subsequently accruing installments are variable, the variableness principally arising from the difference in particular terms of the judgments or agreements. Annotation, Death of Parent as Affecting Decree for Support of Child, 18 A.L.R.2d 1127; 17A Am.Jur., Divorce and Separation, § 865; 27B C.J.S. Divorce § 323, p. 729. Our two cases dealing with the subject presented different conditions and required different conclusions. Sandlin's Adm'x v. Allen, 262 Ky. 355, 90 S.W.2d 350; and Arnold v. Arnold's Ex'r, 314 Ky. 734, 237 S.W.2d 58.

The circuit court in the present case applied the Sandlin opinion. The appellant contends the Arnold case is controlling.

The claim and facts in the Sandlin case are identical with these except that there was no agreement of the parents respecting the maintenance of a child. We considered that a child is in no better position in respect to a claim for support against his father's estate because of the divorce of his parents than he is in the absence of such a decree, for it is the natural and personal obligation of a father to support his child, and that obligation does not extend beyond his death or constitute a debt of his estate.

Unless there is a provision of the judgment to the contrary, the death of a parent who has been ordered to make payments for the support of his child automatically terminates the obligation with respect to periodic payments which would accrue after his death, and his estate is not bound for them. Unless there is a provision that would unalterably impose liability upon the father's estate, the power of the court to modify an allowance for support is not lost by the father's death. This equitable power is likewise a statutory authority. KRS 403.070, formerly § 2123, Ky. Statutes, provides that the court at any time afterward may revise any of its orders as to children of divorced parents. An agreement of parents, though incorporated in a judgment, cannot deprive the court of jurisdiction to modify its judgment in this respect. Harms v. Harms, 302 Ky. 60, 193 S.W.2d 407.

In the instant case the agreement of the parents and the judgment expressly provided that the monthly payments by the father for the support of the children would be made "until the further orders of the court." This cannot be construed as an intention to extend or as extending the responsibility to a period subsequent to the father's death. The chancellor not only so construed the judgment, but went further and exercised the reserved power and modified the judgment in a manner that would be fair and equitable to all of the decedent's ten children. The avoidance of discrimination in favor of a child who had been sustained by an allowance in a divorce decree against other children was also recognized in the Sandlin case in the adoption of language of Rice v. Andrews, 127 Misc. 826, 217 N.Y.S. 528.

The Arnold case, 237 S.W.2d 58, 60, is distinguishable. A petition by an infant, through a next friend, against his father's estate for continuing maintenance during minority as decreed in a divorce judgment was held demurrable under the Sandlin opinion. But we held the petition as amended stated a cause of action. The amended petitions set up a contract between the child's parents by which for a valuable consideration passing from the mother to the father he contracted that if he should die before his minor child reached his majority, "then he would leave to him his entire estate," and also that he would pay to the mother for the child's benefit "a sum not less than $20 per month and more, if his financial circumstances permitted." There is no consideration stated in the agreement or judgment in the instant case. The holding in the Arnold case is in accord with decisions of some other courts that a contract of the father assuming support payments for his child through a given or definite period of time is not terminated by his death. Simpson v. Simpson, Fla.App., 108 So.2d 632.

We leave open the question whether the acceptance of a testamentary bequest to a child may be deemed a satisfaction of an agreement and decree that the father should make periodic payments for his support.

The judgment is affirmed.