**Doris LaVerne RICHEY, Appellant,**

v.

**Frank Wesley RICHEY, Jr., Appellee.**

Court of Appeals of Kentucky.

April 30, 1965.

Allen R. Brown, Louisville, for appellant.

Ralph H. Logan, Hardy, Logan & Tross, Louisville, for appellee.

DAN M. GRIFFITH, Special Commissioner.

The primary question presented by this appeal is whether the trial court had the power to adjust the amount of periodic alimony payments agreed upon in a property settlement agreement which was incorporated into a judgment divorcing the parties. Our conclusion is that the agreed periodic payments were not subject to modification by the court and that the judgment of the lower court reducing such payments should be reversed.

On the 12th day of December, 1957, a judgment divorcing the parties to this appeal and incorporating a property settlement agreement reached by them was entered in the Jefferson Circuit Court. Some five years after the judgment was entered,

the defendant moved the court to reduce the periodic payments of alimony as well as the child support payments provided for in the agreement. Invoking a rule of the Jefferson Circuit Court providing that the court may adjust the amount of payments of periodic alimony unless the order of the court providing for such payments provides otherwise, the court sustained the defendant's motion for reduction and reduced the alimony payments from $55.00 per week to $30.00 per week and the child support payments from $18.00 per week to $15.00 per week.

The Separation Agreement between the parties is as follows:

"Comes the parties hereto, in person and by counsel, and agree that irreconcilable differences have arisen between them and they will never again live together as husband and wife and make this agreement in settlement of all property rights, rights of curtesy dower and maintenance of children between them:

"And now in consideration of the mutual promises of the parties hereto it is agreed by the parties hereto as follows:

"1. Defendant shall convey to plaintiff all of his right, title and interest in and to property known as 1308 Rufer Avenue, Louisville, Kentucky, and shall either liquidate a mortgage indebtedness thereon or to guarantee the payment of same together with solvent co-guarantor.

"2. Plaintiff shall have the care, custody and control of the three infant children of the parties hereto, i. e. Sue Ann Richey, born September 10, 1943; Judith Gail Richey, born September 23, 1946, and Donna Jean Richey, born April 19, 1951, but defendant shall have the right of visitation with said children at reasonable times and under reasonable circumstances.

"3. Defendant shall pay to the plaintiff the sum of $130.00 per week for the support and maintenance of herself and three infant children aforesaid and shall be attributable as follows: $55.00 per week as alimony to plaintiff and $25.00 per week each, as maintenance to the infant children aforesaid.

"4. Defendant agrees to pay the costs of this action and a fee to plaintiff's attorney.

"5. The parties hereto agree that this agreement may be filed and made a part of any judgment of divorce rendered between the parties hereto. Signed this 22nd day of November, 1957."

A Supplemental Agreement of the same date provided that the plaintiff would claim no interest in a specified leasehold and that the defendant would hold the plaintiff harmless from any liability under said lease or in the operation of a pharmacy at the address.

As previously noted, the judgment divorcing the parties incorporated this agreement.

On the 16th day of April, 1959, the parties entered into what is designated as the "Third Agreement." This agreement provided for payment to the plaintiff by the defendant of the reduced sum of $77.00 per week. The agreement contained a clause which provided that the defendant reserved the right to terminate it upon the emancipation of one or more of the parties' children or remarriage of the plaintiff. It was further provided that if second party should terminate the agreement, the rights and duties of the parties would revert to and become fixed by the prior agreement.

On the 11th day of December, 1962, the defendant moved the court to reduce the alimony payments under the judgment entered and to reduce the maintenance pay-

ments thereunder. From the date of the judgment until the motion for reduction was filed, the defendant had married twice and had children by both of his subsequent wives. There is no question but that his then monthly income of $540.00 was hardly enough to provide for all the obligations he had assumed.

Finding changed circumstances, that the defendant had exercised his option to terminate the "Third Agreement" by making the motion for reduction in his payments, a conclusion not questioned by either party, and applying a rule of the Jefferson Circuit Court, hereinafter set out in full, the Chancellor reduced the child support payments to $15.00 per week for the only child then unemancipated and the periodic alimony payments to $30.00 per week. From this order of the Jefferson Circuit Court this appeal was taken.

The rule invoked by the Jefferson Circuit Court as authority for its decision provides that: "Rule 13.06—Agreements filed in domestic relations cases—Unless the order itself provides in specific terms to the contrary, all agreements between estranged husband and wife providing for periodic payments of alimony extending into the indefinite future when entered shall be subject to the power of the court from time to time to revise such payments should, in the discretion of the court, change of circumstances render such revision equitable."

■ The appellant contends that the rule as applied in this action to reduce the agreed alimony payments conflicts with the substantive law of this state, abrogates a substantial contractual right of the plaintiff under her agreement with the defendant and is, therefore, invalid. It may be conceded that a rule of a circuit court must fall if it would modify the substantive law of this jurisdiction. 14 Am.Jur.Cts., Sec. 152 at Page 357.

The defendant takes the position that the circuit court rule is reflective of the law of this jurisdiction which he contends is that a court has the same power to adjust periodic payments of alimony provided for in a property settlement agreement incorporated into a divorce judgment as it has to adjust such payments where the order providing for them is not based upon a property settlement agreement of the parties.

■ We perceive the law to be that a judgment incorporating an agreement specifying periodic payments of alimony may or may not be subject to modification by the court depending upon the nature of the particular agreement involved. In 17A Am. Jur., Section 904, page 92, it is said:

"Questions relating to the construction, operation and effect of separation agreements between a husband and wife are governed, in general, by the rules and provisions applicable to the case of other contracts generally."

With reference to the power of the court to modify such an agreement, it is announced in 166 A.L.R., page 693:

"It is held in the great majority of the cases that where the parties have made a written contract settling their property rights and this contract is approved by the court and is incorporated in the decree, it cannot be modified under the general power to modify a decree concerning alimony. Even where the agreement and decree provide that the husband shall make periodic payments to the wife, the majority of the courts hold that it is not a provision for alimony, and the decree cannot be modified, where the payments are in consideration of a transfer of property or are in consideration of the release of dower or other property rights."

■ If the agreement constitutes a property settlement agreement as such, that is, is meant as a final settlement of the property rights and claims of the parties, or if it combines the elements of both alimony and property settlement without separating the

amounts for each, the court is without authority to vacate such agreement and disturb the property rights thereby gained. When tested by this rule, the apparent conflict in the decisions is reconcilable.

In the case of Renick v. Renick, 247 Ky. 628, 57 S.W.2d 663, cited by both the plaintiff and the defendant, a divorce judgment was entered which incorporated an agreement of the parties for periodic payment of alimony. The husband subsequently moved for a reduction in the agreed periodic payments. The agreement of the parties provided that "It is stipulated and agreed that this instrument shall be treated and considered as a final settlement and adjustment of all property rights and money claims between the contracting parties. The party of the second part expressly renounces and relinquishes all further claims upon the party of the first part, or to his property wherever situated, including homestead and dower right; and on the other hand, the party of the second part hereby expressly relinquishes, quitclaims and disclaims all right, title or interest in and to any of the real or personal property of the party of the second part, wherever situated, excepting of course, those things provided for by this instrument, with respect to furniture, maintenance and insurance policies." After a review of the cases, this Court reversed the lower court's modification of the agreed payments and stated that it was without power to make a new contract for the parties simply because of a change in their circumstances. In this case a property settlement agreement in the true sense of the term was involved.

In the case of Turner v. Ewald, et al., 290 Ky. 833, 162 S.W.2d 181, the parties entered into a property settlement agreement providing for periodic payment of alimony. The agreement contained this provision:

"This agreement is in full settlement, satisfaction and compromise of any and all claims which either Mr. or Mrs. Ewald may hold against the other; and

in the event of the death of either after this Agreement becomes operative, and while they are still husband and wife, the one surviving hereby waives all claims to curtesy, dower, homestead or distributable share in either the real or personal estate owned by the other."

In this case the Court reversed the judgment of the lower court reducing the agreed payments of alimony. In its opinion, this Court observed that:

"There is conflict in the authorities as to whether an agreement between a husband and wife, pending divorce, and incorporated in a divorce decree renders the decree immune from subsequent modification where the agreement merely fixes the amount of the allowance to the wife for maintenance and support, but it is well settled in this jurisdiction that a decree embodying an agreement of the parties, which has the effect of a valid property settlement contract, cannot be modified."

This Court found the particular agreement involved to be a property settlement agreement and reversed a ruling of the lower court reducing the agreed amount.

On the other hand, when a "property settlement agreement" incorporated in a judgment is in fact merely an agreed amount for the support of the wife, this Court has not hesitated to permit modification of payments upon change of conditions. In the case of Boehmer v. Boehmer, 259 Ky. 69, 82 S.W.2d 199, it was agreed between the parties that an amount of $10.00 would be paid by the husband per week as support and maintenance of both his wife and child. A reading of the case will show that the agreement therein involved was not a property settlement agreement in the proper sense of that term but was agreed allowance for support of the defendant's wife and child. Therefore, it was quite properly held to be subject to modification upon change of circumstances of the parties.

The cases cited by the defendant do not support his position that the court retains power to modify the amounts of agreed periodic payments irrespective of the nature of the agreement providing for them.

In the case of Davis v. Davis, Ky., 347 S.W.2d 534, the only question involved was the propriety of a divorce judgment ordering a lump sum payment of alimony as well as periodic payments.

In the case of Cawood v. Cawood, Ky., 329 S.W.2d 567, the court refused to modify a judgment granting lump sum alimony. The dicta in that case to the effect that alimony payable in installments is subject to modification expresses the rule heretofore recited as applying where no valid property settlement agreement is involved. The case of Gann v. Gann, Ky., 347 S.W.2d 540, cited by the defendant, is not in point but the dicta therein supports the contention of the plaintiff. In the case of Davis v. Davis, supra, no written agreement was involved. For a collection of cases see Annotation in 166 A.L.R. at Page 675.

■ The determining question becomes, did the agreement entered into by the parties in this case, in fact, constitute or inseparably include a property settlement? We believe that the agreement in fact was a property settlement agreement and that the rule of the lower court as applied to it was invalid.

It will be noted that the preface to the agreement sets out that it is to be a settlement of all property rights, rights of curtesy, dower and maintenance. It appears to be that this agreement was intended by the parties to be final, and was in fact an adjustment of the parties' property rights as distinguished from a provision for a mere right of support. The record does not reflect precisely what property rights the defendant gained pursuant to this agreement, but the relinquishment of any interest that the plaintiff had in a leasehold interest on which the defendant operated a drug-store was expressly provided. Having given up whatever right she had against the defendant in consideration for his agreement to pay her a monthly sum it seems to us that, as stated in Renick v. Renick, supra, it would be "transgressing the principles of justice" to permit the defendant to take full advantage of his agreement with the plaintiff, and after having enjoyed the rights he gained by virtue of said agreement, relieve himself of his obligation thereunder. It does appear from the record that the defendant is hard pressed to meet his many obligations with his present income. However, we do not think the plaintiff should be deprived of her contractual rights because of the frivolity of the defendant.

■ Rules of court are procedural. They cannot affect substantive law. However, Rule 13.06 of the Jefferson Circuit Court need not be construed as an attempt to deal with the vested rights of parties under a property settlement contract. The rule should be construed as embracing only those matters that by law are properly subject to adjustment and modification by the courts, and as inapplicable to the property settlement here involved.

■ We believe that the court correctly reduced the child support payments to $15.-00 per week due to change in conditions. It is well settled that no agreement of the parties can deprive the court of its jurisdiction in regard to the maintenance of a child. Ullman v. Ullman, Ky., 302 S.W.2d 849.

It is, therefore, recommended that the judgment of the lower court reducing the child support payments from $18.00 per week to $15.00 per week be affirmed.

It is further recommended that the judgment of the lower court be reversed insofar as it reduces the amount of periodic alimony below the sum of $55.00 per week, the amount payable according to the property settlement agreement of the parties, and that the judgment be modified consistent with this opinion.

The opinion is approved by the court and the judgment is affirmed in part and reversed in part, and that the judgment be modified consistent with the opinion.