**John Albert SCOTT, Appellant,**

v.

**Della Lewis SCOTT, Appellee.**

Court of Appeals of Kentucky.

Nov. 14, 1975.

John R. McGinnis, Greenup, for appellant.

Charles M. Daniels, Greenup, for appellee.

CULLEN, Commissioner.

This is an appeal by John Albert Scott from a circuit court order denying his motion, made in February 1973, for modification of a 1968 divorce judgment as to alimony (maintenance) payments required to be made by John to his divorced wife, Della. The ground on which the motion was denied was that since the provisions of the judgment as to alimony were derived from a property-settlement agreement, incorporated in the judgment, in which payment of the alimony was an integral part of a complete settlement of the parties' property rights, the court had no power to modify the judgment as to alimony, under such cases as *Richey v. Richey,* Ky., 389 S.W.2d 914, *Turner v. Ewald,* 290 Ky. 833, 162 S.W.2d 181, and *Renick v. Renick,* 247 Ky. 628, 57 S.W.2d 663.

The appellant seeks to escape from the rule of the above-cited cases on the grounds that (1) the rule is inequitable and wrong and the cases should be overruled; (2) the rule should not apply here because the wife received substantially all of the property and therefore there was no consideration for the agreement as to alimony; and (3) the 1972 legislative changes in the divorce statutes in effect abolished the rule.

This court is not persuaded that the rule in question is wrong in principle. It has ample support in the decisions of other jurisdictions. See Annotation, 61 A.L.R.3d 520 @ 589.

Likewise, the court is not persuaded from the record that the wife received substantially all of the marital property and the husband nothing, such as to negative any consideration for the agreement as to alimony. The family property consisted of a mortgaged dwelling house, household

goods and furniture, two cars, some machinery and power tools, and office equipment. The wife was given the dwelling, the household goods and furniture, and one of the cars. The husband received the machinery, power tools, office equipment and the other car. We think there was adequate consideration for the alimony agreement.

The question of the effect of the 1972 changes in the divorce statutes is more troublesome. The change that has particular bearing on the issue in the instant case was made by section 8 of Chapter 182 of the Acts of 1972, compiled as KRS 403.180. That section deals specifically with incorporation of settlement agreements in marriage-dissolution decrees. Subsection (6) of the section is as follows:

"(6) Except for terms concerning the support, custody, or visitation of children, the decree may expressly preclude or limit modification of terms if the settlement agreement so provides. Otherwise, terms of a separation agreement are automatically modified by modification of the decree."

The quoted language appears to mean that a marriage-dissolution decree incorporating a property-settlement agreement may be modified by the court, with respect to maintenance payments (when authorized by the conditions set forth in KRS 403.250), unless the settlement agreement and the decree expressly preclude modification. The statute thus states a rule different from that laid down in *Richey, Turner* and *Renick,* which precluded modification if the maintenance provisions were an integral part of a full property-settlement agreement. Obviously, the statute applies to decrees entered after the effective date of the statute. Our immediate question is whether it applies to a divorce judgment incorporating a property-settlement agreement entered before the effective date of the statute.

Subsection (3) of Section 26 of the 1972 Act (Chapter 182 of the Acts of 1972) provides that the Act "applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act." That provision could not be valid, however, to the extent of impairing vested contractual rights. As we interpret the rule of *Richey, Turner* and *Renick,* it rested on the proposition that rights created by *contract* could not be impaired through modification by the court, even though the contract had been translated into a court judgment. If the courts cannot impair the contract, neither can the legislature.

■ In cases involving child-support agreements incorporated into a divorce judgment, prior to the effective date of the 1964 Act reducing the age of majority from 21 to 18 (KRS 2.015), this court held that if the agreement evinced the intent of the parties that the support extend to age 21, the agreement would be enforced as a matter of *contract,* and the statute would not be given effect to terminate the support liability at age 18. See *Blackard v. Blackard,* Ky., 426 S.W.2d 471, and cases therein cited. By the same reasoning, we are of the opinion that the 1972 Act cannot be given effect to impair a contractual right to maintenance vested, under *Richey, Turner* and *Renick,* prior to enactment of the statute.

The judgment is affirmed.

All concur.