## Simpson v. Simpson.

(Decided December 4, 1923.)

### Appeal from Casey Circuit Court.

1. Divorce—Court May Grant Limited Divorce Under Pleading and Prayer for Absolute Divorce.—Under Ky. Stats., section 2121, court may grant a limited divorce, although the pleadings set forth grounds for an absolute divorce, with prayer for that relief only.

2. Divorce—Limited Divorce Modified and Set Aside by Court of Equity.—A divorce from bed and board may at any time be modified or set aside by a court of equity, when it is made to appear that such relief is proper or necessary.

3. Divorce—Decrees may be Modified as to Alimony.—Under Ky. Stats., section 2121, the court may modify a decree of divorce by wholly releasing the husband from payment of alimony or by reducing the alimony, although the husband in his pleadings admits that the amount originally awarded would be a reasonable allowance, or the court may modify a decree as to the allowance to the wife for the maintenance of her and child.

4. Divorce—All of the Property of the Husband Cannot be Taken as Alimony.—In no case is chancellor warranted in taking all of the property of the husband as alimony for the wife, but the allow-

ance must always be based on his earning powers, the value of his estate, the surrounding circumstances, and the needs of the wife.

BAGBY & HUGUELY and DENTON & COCHRAN for appellant.

STONE & MOORE and CHAS. F. MONTGOMERY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

The parties to this appeal are husband and wife, although on the 9th of October, 1920, a judgment was entered in the Casey circuit court, the county of their residence, "adjudging that the plaintiff, Betty Ann Simpson, be and she is hereby divorced from bed and board from the defendant, Harrison Simpson; and the court further adjudges that the plaintiff, Betty Ann Simpson, recover of the defendant, Harrison Simpson, the sum of $3,500.00 as alimony with interest thereon at the rate of six per cent per annum from this date, October 9, 1920, until paid, and the cost of this action expended. It is further adjudged by the court that the care, custody and control of her infant child, Annie Lee Simpson, be awarded the plaintiff until the next term of this court. . . . It is further adjudged that J. B. Stone, E. C. Moore and C. F. Montgomery, attorneys for the plaintiff, Betty Ann Simpson, be and they are hereby allowed the sum of $350.00 for their services as attorneys for plaintiff, which sum the defendant, Harrison Simpson, is now ordered to pay said attorneys."

The estate of appellant, Harrison Simpson, consisted chiefly of farming lands in Casey county, which, at the time of the taking of the proof upon which the foregoing judgment was entered, were appraised by the witnesses at about three times their alleged present value. Land prices at that time were inflated; they are now deflated.

After the entry of the foregoing judgment the defendant, Harrison Simpson, entered the following motion in the Casey circuit court in the original cause:

"Defendant Harrison Simpson moves the court to set aside, modify and revise judgment herein because conditions of all parties have greatly changed herein. Because the judgment was rendered on basis of proof taken during the period of inflation when lands, tobacco and crops were estimated at over three times their present value and that defendant's property has depreciated till

by virtue of the judgment herein, if enforced, he is made and will be made totally insolvent.  Because this judgment will make him totally unable to support and maintain the children left in his custody and that said children will become helpless burdens upon others; because the conduct of the plaintiff since judgment and before shows her to be unfit for the custody of any of the children; because she will waste and squander the alimony allowed and children will receive no benefit from same, and said judgment, if defendant's property is sold to satisfy same, will leave this defendant penniless and insolvent. Defendant asks time to prepare and file a petition for revision, modification of judgment and for setting aside said judgment, and asks time to file affidavits and proof in support of this motion and petition to be filed, and he says that the welfare of the children requires that this motion be granted.''

With the motion he filed a petition to revise, modify and set aside the judgment copied in part above, giving as his reasons those set out in the motion above copied, and averred that the judgment divested him of title to his lands and rendered him penniless; that the proof in the divorce action was taken long before the judgment was entered during a period of inflation, and it grossly exaggerated the value of his lands; that his said lands would not at the time of the filing of the motion sell for one-third of the value placed upon same by the proof; that his lands are knobby and were never really worth what they were estimated to be and are now worth much less, and not exceeding $8.00 per acre; that he has only 420 acres and little personal property; that it leave three infant children who, if his property be taken by the foregoing judgment, will be rendered helpless and penniless; that he is an old man in feeble health and unable to provide for his children if his property be taken from him under said judgment for alimony; that he has no money to pay the judgment and none with which to provide for himself and family; that he is ready and able to and will prove that his entire assets, including land and personal property, were not worth over $5,000.00; that his debts and other obligations when added to this judgment for alimony and attorney fees and costs, with interest, will amount to more than $5,000.00.

The court declined to allow appellant to file his motion and petition to revise and modify the judgment, but said

motion and petition were made a part of the record. To the refusal to allow him to file the petition and motion, appellant objected and excepted and prayed an appeal to this court.

It will be observed that the judgment grants only a limited divorce, one from bed and board, as authorized by section 2121, Kentucky Statutes. An absolute divorce was sought but refused by the chancellor. The foregoing section of the statutes provides that a divorce from bed and board shall operate as to property thereafter acquired, and upon the personal rights and legal capacity of the parties, as divorce from the bonds of matrimony, except that neither shall marry again during the life of the other and except it shall not bar curtesy, dower or distributive right. Such may be revised or set aside at any time by the court rendering it. Construing this section we have held in a number of cases that a court may grant a limited divorce although the pleadings set forth grounds for an absolute divorce with prayer for that relief only. Zumbiel v. Zumbiel, 113 Ky. 841. And, further, that a divorce from bed and board may at any time be modified or set aside by a court of equity when it is made to appear that such relief is proper or necessary. As said by Chief Justice Robertson in the case of Logan v. Logan, 2 B. M. 142: "The chancellor should continue control of the case for the benevolent purposes of keeping open the door for legitimate reconciliation and to modify, enlarge or curtail the allowance of alimony if it be found that it is inadequate or superfluous, according to the circumstances. Where alimony is granted the court should retain the case for the purpose of enlarging or curtailing the allowance according to the circumstances." In Bristow, v. Bristow, 21 Ky. L. R. 481, we said: "It is always in the power of the chancellor, if conditions change, to change the amount of alimony to conform to the necessities of the case, and it is not therefore necessary for us to make any orders in that direction." And in the case of Staton v. Staton, 164 Ky. 688, it is said: "Even without this reservation it is always within the power of the chancellor to change or modify allowance for alimony according to the necessities or equities of the case." In Sebastain v. Rose, 122 S. W. 120, 135 Ky. 197, we said: "Furthermore, the statutes contemplate further control by courts of chancery" of cases where divorce from bed and board alone are questioned.

The general rule upon the subject is stated in 19 C. J. 270, thusly: "Allowance made upon granting a divorce from bed and board, unlike allowances made upon granting a divorce from the bonds of matrimony, are not looked upon as absolute, and they may, when circumstances justify it, be increased or diminished as the case demands, although no statute authorizes an alteration or modificaaion." This latter text is supported by many cases, including Lockridge v. Lockridge, 2 B. M. 258, where it was held that the chancellor has power to change a decree for alimony and reduce it as the circumstances of the parties may, in justice, require. In the Lockridge case it is further said: "The power to either enlarge or diminish alimony, as circumstances shall render reasonable, cannot be doubted. And it is probable, in this case, that the husband, who is about 80 years old, unable to labor, and seems to own only two slaves, old and rather infirm, a tract of about 750 acres of mountain land, and personal property apparently not exceeding $100.00 in value, can not live on the profits of his estate and save as much as $140.00 a year. He has recently lost, by death, a slave whose hire was estimated at from $100.00 to $120.00, and, in other respects, seems to have less productive property than he had when the first decree was rendered; and, therefore, there being no proof of fraud or culpable improvidence in the reduction of his means, so far as it is shown to have occurred, we are of the opinion that, upon the facts as now appearing, the annuity ought to be reduced."

Our statute, section 2121, upon the subject follows the common law rule. Whether the right to modify is conferred by statute it clearly exists regardless of whether the decree is one of absolute divorce or mere separation. Under such statutes, it is held, the court may modify the decree by wholly releasing the husband from payment of alimony, or by reducing the alimony, although the husband in his pleadings admits that the motion originally awarded would be a reasonable allowance, or the court may modify a decree as to allowance to the wife for the maintenance of her and child. 19 C. J. 270.

In no case is the chancellor warranted in taking all the property of the husband as alimony for the wife. The allowance must always be based upon his earning power, the value of his estate, the surrounding circumstances, and the needs of the wife. If, as contended by appellant, the judgment for alimony, attorneys' fees and costs will

consume his entire estate, leaving him absolutely nothing with which to support himself and three infant children, the decree as to alimony and attorneys' fees should be modified so as to give to the wife a reasonable allowance only out of his property under prevailing conditions, appraised at its fair value under normal circumstances, doing equity to each.

For the reasons indicated, we are of opinion that the lower court erred in refusing to allow appellant to file his motion and petition for modification of the alimony judgment. Upon a return of the case to the lower court the motion and petition will be filed with permission to the appellee to file such responsive pleadings as to her may seem proper, and when issue is joined, proof may be heard; and if appellant is able to sustain the averments of his petition with proof satisfactory to the chancellor the judgment for alimony may be opened, set aside or modified to meet the exigencies of the case.

Judgment reversed for proceedings consistent with this opinion.