## Austin v. Austin.

(Decided May 17, 1932.)

W. A. BROCK and F. M. JONES for appellant.

JAMES O. BAKER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

From a judgment granting a divorce a mensa et thoro to Francis Austin from John Austin and awarding her alimony in the sum of $25 per month and costs and dismissing his cross-petition for divorce, the latter has appealed.

The ground for divorce alleged in the petition is cruel and inhuman treatment. By answer and cross-petition appellant controverted the allegations of the petition, and as ground for divorce from appellee alleged that, while he and appellee were living together as husband and wife, she was guilty of such acts of lewd and lascivious conduct as proved her to be unchaste; that since he learned of such conduct on her part he had not lived or cohabited with her or in any way condoned her conduct. As ground for reversal it is argued by counsel for appellant that the chancellor erred in not granting him a judgment for divorce on his cross-petition, and further that appellee was not entitled to any alimony, but that, if such was given, the amount awarded was excessive in view of the proof.

According to the evidence, appellant is 47 years of age and appellee is 26. This is the fourth matrimonial venture for appellant, two of his former marriages having ended in divorce. So far as the record discloses, there was little cause for disagreement between these parties. He was a hard-working thrifty man, and provided an abundance of good, substantial food. On the other hand, there is evidence that appellee was a good housewife, and no complaint was made as to the way she conducted the household affairs. There is some evidence that he was given to excessive profanity, and the wife testified that he cursed chickens, pigs, etc., which would invade the premises, and stated that at times she thought he meant it for her. She also testified that often on his return from the mines where he was employed he would not change his clothes nor take a bath, and that he would sleep on the floor; that he objected to her visiting her mother who was in ill health.

Appellant testified that on a number of occasions he would return from work and find that his wife had gone to the home of her mother without telling him or leaving word; that on two or three occasions he had followed and persuaded her to return to him; that one time she

had visited a sister in Knox county for some days and on her return told of meeting a former sweetheart, and had spoken of him in very complimentary terms and stated that she could have married him. He replied that she might yet have the opportunity. Appellee testified that she did not see her former sweetheart, and that she said nothing about him to her husband when she returned home. In the first statement she is corroborated by her sister.

From the foregoing it is apparent that appellant wholly failed to sustain his charge of lewd and lascivious conduct against his wife. She likewise failed to establish by proof her charge of cruel and inhuman treatment, and, but for the unsustained charge of unchastity, there would be nothing in the record to authorize the judgment of the lower court. In a number of cases this court has held that deliberate and unfounded charges of unchastity and lewd and lascivious conduct made by the husband against the wife is such cruel and inhuman treatment as to constitute ground for divorce. Morgan v. Morgan, 231 Ky. 420, 21 S. W. (2d) 653, and cases therein cited.

Excepting testimony of the wife as to statements made by her husband concerning the character and value of property owned by him, there is little to sustain her allegations as to his estate. His evidence tends to show that he has a very small estate, and he testified that he earned from $45 to $50 per month. Clearly the court properly refused to grant appellant a divorce on his cross-petition since there is no evidence whatever to sustain his allegations, and, while it appears that the court was very liberal in the amount of alimony awarded the wife, we are not prepared to say that it is excessive. The parties, however, are not finally concluded by the judgment awarding alimony, and the chancellor from time to time may make such changes as the proven circumstances warrant. The amount allowed as attorney's fee does not appear to be excessive.

Judgment affirmed.