## Metcalf v. Metcalf.

(Decided June 17, 1932.)

HUBBARD & HUBBARD for appellant.

FRANK GARLOVE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Maud M. Metcalf, filed her suit for divorce from bed and board in the Jefferson circuit court in May 1929, against Fred Metcalf.

By her petition seeking such separation, she also asked for permanent alimony in the lump sum of $3,500;

for a general order of attachment against defendant's property; for an order restraining defendant from coming about her place of residence, and an order restaining defendant from doing her any harm or injury, and for an order restraining defendant from disposing of his property pending this action and for her costs, including the allowance to her of her attorney's fee.

Appellee answered denying the allegations of the petition.

Proof was taken and the case submitted upon the record for judgment, whereupon the court on June 7, 1930, directed and adjudged that the plaintiff, Maud M. Metcalf, be divorced from bed and board with the defendant, Fred Metcalf; that she recover from the defendant her costs, including attorney's fee of $80, and also the sum of $25 per month as alimony.

Thereupon, plaintiff by counsel moved the court to vacate so much of the judgment as awarded her the sum of $25 per month alimony, and that she be permitted to take additional proof as to the value of appellee's property.

Appellee at the same time moved the court for an order reducing the alimony allowance.

Appellant further moved the court that, in lieu of permanent alimony in a lump sum as asked, she be declared the owner of the house and lot on Hale avenue, Louisville, Ky., or that she be awarded the right to its use and occupancy for the period of her life.

Upon proof being taken and again submitted the chancellor on the —— day of December, 1930, reinstated its judgment of June 7, 1930, awarding appellant monthly alimony in the amount of $25.

From this judgment refusing to award permanent alimony in a lump sum or to award her, as alimony, the appellee's home or its use for the period of her life, but in again awarding her only a monthly alimony allowance of $25 per month, appellant has prosecuted this appeal.

It will be observed that appellant by her appeal makes no complaint of the court's action in adjudging her a divorce from bed and board, nor could she, as such only was the character of relief sought in her petition. Her alleged grievance argued upon appeal is that the alimony allowance made is grossly inadequate in its amount and not commensurate with the relief to which

she alleges, under the evidence, she was entitled upon being awarded a divorce.

The question of whether or not appellant was entitled upon the evidence to an absolute rather than a qualified divorce is not here presented, for the reason, as stated, that she was adjudged the relief of a divorce from bed and board as was sought by her in her petition.

The sole question therefore now before us upon her appeal is, Did the court err in confining its award to the sum of $25 a month as alimony to her?

A divorce from bed and board is authorized by section 2121 of Kentucky Statutes in providing in part as follows:

> "Judgment for separation or divorce from bed and board may also be rendered for any of the causes which allow divorce, or for such other cause as the court in its discretion may deem sufficient. . . . A divorce from bed and board shall operate as to property thereafter acquired, and upon the personal rights and legal capacities of the parties as a divorce from the bond of matrimony, except that neither shall marry again during the life of the other, and except that it shall not bar curtesy, dower or distributive right. Such may be revised or set aside at any time by the court rendering it."

The testimony presented by the record was for the most part very conflicting, as is usually the case in matters of this character. We have carefully considered the record and conclude that the chancellor's finding in the matter as to allowance of alimony was warranted by the evidence, and that same afforded a sufficient basis and ample support for the exercise by the court of its discretion in "deeming it sufficient" for granting appellant the relief asked of a divorce from bed and board. However, we are not to be here understood as assuming a review of the chancellor's action in decreeing divorce from bed and board, as no appeal was taken therefrom.

The discretion allowed the chancellor in section 2121 to adjudge a separation either for any of the causes which allows divorce, or for other cause as the court in its discretion may deem sufficient, "is not arbitrary or unlimited, but a sound legal discretion, and one to be exercised for such causes as may be deemed to be sufficient, when considered with a just and reasonable regard to the legal rights and obligations of both parties," and,

as said in Hoagland v. Hoagland, 218 Ky. 636, 291 S. W. 1044, 1046, "we have frequently held, and which is authorized by section 2121 of our present statutes, that a divorce from bed and board not only may be granted. for causes less than is required for an absolute divorce, but that such an a mensa decree may be rendered by the court in the exercise of a sound discretion when only absolute grounds are relied on." It may be conceded that the reason supporting such greater latitude of action in allowing divorce from bed and board than in the sever the marriage relation of the parties, but is rather instances of absolute divorce is that the former does not. a temporary judgment, which, as provided by the statute, may be revised or set aside at any time by the court rendering it, and the order directing a husband to pay alimony made in such judgment remains under the control of the court and may at any time in its reasonable discretion be set aside, or the amount directed to be paid may be increased or diminshed. Van Meter v. Van Meter, 168 Ky. 783, 182 S. W. 950; Keach v. Keach, 217 Ky. 723, 290 S. W. 708; Clubb v. Clubb, 63 S. W. 587, 23 Ky. Law Rep. 650; Logan v. Logan, 41 Ky. (2 B. Mon.) 142; Lockridge v. Lockridge, 41 Ky. (2 B. Mon.) 258. Or, as said in Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412, 413:

"A divorce from bed and board may at any time be modified or set aside by a court of equity when it is made to appear that such relief is proper or necessary. As said by Chief Justice Robertson in the case of Logan v. Logan, 2 B. Mon. 142, the chancellor should continue control of the case for the benevolent purposes of keeping open the door for legitimate reconciliation and to modify, enlarge, or curtail the allowance of alimony, if it be found that it is inadequate or superfluous, according to the circumstances. Where alimony is granted, the court should retain the case for the purpose of enlarging or curtailing the allowance according to the circumstances."

The parties involved in the instant case are colored people, who have no children.

Appellant and her witnesses testify that appellee has been unkind and has mistreated her for some fourteen years of the eighteen years of their married life; that for the last three or four years his mistreatment has become much worse and more intolerable, which she

accounts for on the ground that her husband has become enamoured of another and younger woman, some of whose amorous letters addressed him she has intercepted and filed in evidence.

These letters tend strongly to show an improper intimacy between the writer and appellant's husband. They acknowledge receipt of letters from him remitting her money and refer to the writer succeeding the appellant as his wife and refer to liaisons had and to be further arranged between them.

Appellee also admits, upon occasion of alleged provocation, striking appellant with his fists, tending to corroborate appellant in her claim that he frequently struck and threatened to mistreat her.

Thus it is reasonably shown by the testimony and the letters in evidence that the behaviour of appellee was of such character as gave the wife just cause of complaint and as to amply justify the chancellor in considering him as the offending party, even while also finding the conduct of appellant to have been not without fault and as in a good measure contributing to the strained and unhappy relations existing between them.

We are led to conclude, therefore, that the appellee was certainly guilty of such conduct and mistreatment of the appellant as amply warranted the lower court, in the exercise of a sound legal discretion, in finding appellee's misconduct sufficient cause for adjudging appellant a divorce from bed and board and in adjudging that the defendant pay her maintenance alimony in the monthly sum of $25 until its further order.

The appellant, however, strongly insists that the allowance to her of so small an amount of monthly alimony was most prejudicially erroneous, and that same should be substantially increased by allowance of permanent alimony, in money or by awarding her the house as prayed for. Her contention in this, we conclude, is not to be sustained when measured by the applicable rule of law controlling in such case. This is in Muir v. Muir, 133 Ky. 125, 92 S. W. 314, 316, 28 Ky. Law Rep. 1355, 4 L. R. A. (N. S.) 909, thus announced:

"Alimony is that provision which the law makes for the support of the wife, or of her who was the wife, out of the estate of the husband after separation, in lieu of his common-law obligation to support her as wife if they should have continued living

together. She was entitled to and had his support out of all he possessed, including earnings. When he has broken up that relation, so that she can no longer partake jointly with him of such support, the law sets apart to her enough of his estate, including earnings, to make an equivalent of what she is denied by his fault.''

In the case of Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243, 245, the court quoted further with approval from Muir v. Muir, supra, as follows:

''In estimating the allowance of alimony, there is no fixed standard. The matter is within the sound judicial discretion of the chancellor. It will be regulated by a number of circumstances that properly enter into the consideration. Among them is the size of the estate of the husband, and its productiveness; his income and earning capacity; his age, health, and ability to labor; the age, health, and station of the wife; and it may be added that the particular cause of the divorce may properly enter into the consideration.''

We find a stipulation of the parties filed herein made as of date 1930 which shows appellee's estate consisted of a house and lot on Hale avenue, Louisville, Ky., of a market value of $2,500, subject to a mortgage of $1,133.19, and some 60 shares of stock in the American Radiator & Standard Sanitary Corporation of the then value of $20 per share, or that his estate was of the then approximate value of some $2,500. It also appears by the evidence that he received from his employment at about the time the suit was filed some $140 or more a month, but no evidence of earning such wages capacity or, in fact, of his having later any employment, was found in the proof taken by appellant in the latter part of 1930 when attempting to show his estate and income, and we may reasonably conclude, though it is not required, that the chancellor found, at the time of reinstating the alimony allowance in question, that appellee's earnings were much reduced or perhaps altogether lacking from want of any employment. We may here suggest, too, that it is also shown that appellant's behavior and seeming want of affection or regard for the appellee as related in evidence was such as to rightly make her in part at least responsible and to blame for the unfortunate situation and strained family relationship which has arisen

542

in her home. Taking their mutual failings and wrong-doings into consideration and applying to them the principles of law as laid down in Muir v. Muir and Shehan v. Shehan, supra, as influencing and affecting the question of the allowance and amount of alimony we are led to conclude that the chancellor committed no error in awarding appellant a monthly alimony of $25 rather than a lump sum or life estate in or use of house as sought, especially as the chancellor remains in position to correct any harship which may be shown by any future review of this matter before him to exist or have resulted due to changed conditions.

Therefore, perceiving no error in the order of the chancellor in this particular, his finding on same will not be disturbed, and the judgment of the lower court is affirmed.