## Couffman v. Couffman.

April 25, 1939.

FRANK A. ROPKE and ROPKE & BALLANTINE for appellant.
HUGGINS & HOGAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Ethel Couffman instituted this action against her husband, Arthur Couffman, for divorce, alleging as a ground that at the time of their marriage her husband was afflicted with a loathsome disease which he concealed from her and the further ground of cruel and inhuman treatment. She asked for an allowance of $75 per month alimony.

By answer and counterclaim appellant traversed the allegations of the petition and in a second paragraph pleaded cruel and inhuman treatment on plaintiff's part and prayed for divorce on that ground. A reply traversing the affirmative allegations of the answer and counterclaim completed the issues.

The cause was referred to a commissioner, who after hearing the evidence recommended that a divorce from bed and board be granted each of the parties; that defendant pay plaintiff the sum of $20 per month for 24 months and that he pay plaintiff's costs including attorney's fees of $85. Exceptions of defendant to the commissioner's report were overruled and the report in all particulars confirmed and from the judgment in conformity therewith the defendant is appealing.

It is argued in substance by counsel for appellant that since appellee wholly failed to sustain the first charge of her petition, such unfounded charge would amount to cruel and inhuman treatment, and relies on cases holding that unfounded charges of lewd and lascivious conduct against a wife not made in good faith constitute such cruel and inhuman treatment as would afford grounds for divorce. The recent cases cited being Austin v. Austin, 243 Ky. 848, 50 S. W. (2d) 9; Perkins v. Perkins, 241 Ky. 695, 44 S. W. (2d) 1073; Bush v. Bush, 245 Ky. 172, 53 S. W. (2d) 352; Hartkemeier v. Hartkemeier, 248 Ky. 803, 59 S. W. (2d) 1014. As a second ground it is argued that the court erred in granting to appellee alimony in the sum of $20 per month for 24 months or for any sum or time.

The parties to this action are negroes. Appellant

is nearly 20 years older than his wife. The parties married in November 1936 and separated in September 1937. According to the evidence of appellee and her witnesses, appellant was given to excessive drinking and was drunk practically every night and was abusive and quarrelsome toward his wife. He had been employed at the post office in Louisville for many years, receiving a salary of $128 per month. He went to work at 8 o'clock in the morning and worked until about 5 in the afternoon, his wife who had an automobile taking him to work and calling for him. A number of employees at the postoffice who were called as witnesses testified that they never saw appellant take a drink or when he was intoxicated or had the appearance of having been so nor had they ever seen him, when, as they expressed it, he had a hangover. He denied positively that he was given to intoxication and also that he was abusive or disagreeable toward his wife. He stated that he was paid twice a month and each time turned over $48 to her. Prior to this marriage appellee had purchased a home for $5000 and was paying for it on the installment plan out of wages she earned. Appellee testified that shortly after the marriage she conceived the idea that her husband was afflicted with a loathsome disease and insisted that he submit himself to an examination by a physician but that he refused to do so. Appellant testified that appellee expressed a belief that he had some disease and requested that he go to a physician, but he told her that he had no disease and would not go to a physician unless she paid for the examination. During the taking of the evidence counsel for appellee stated that she had withdrawn her charge with respect to the loathsome disease and would not press it, but counsel for appellant had, in the meantime, had him examined by a specialist in venereal diseases and it is stipulated that this physician, if called, would state that appellant was not afflicted with any venereal disease and there was no evidence whatever that he ever had been and the physician would state that in his opinion he never had been so afflicted. Appellee testified that appellant often threatened to leave her and the evidence shows that he finally did.

It is unnecessary to go into further detail concerning charges and counter-charges. It is sufficient to say that the evidence is not such as would authorize the granting of an absolute divorce and as appears from

the record there was no substantial basis or reason for ill feeling or differences between the parties; however, there is sufficient evidence to indicate that the parties did not and cannot live together in peace and harmony.

Since our divorce laws have been amended to make cruel and inhuman treatment a ground for divorce for the husband as well as for the wife, we have not been called upon to determine whether the unfounded charge by the wife of adultery or infidelity on the part of the husband would constitute cruel and inhuman treatment and entitle him to divorce. Counsel for appellant cite no cases from foreign jurisdictions to sustain their contention but rely mainly on the old adage that "What is sauce for the goose is sauce for the gander". However, in the proven circumstances we are not now required to pass upon that question. In the cases cited and relied on by appellant the charges were of infidelity and unchastity or lewd and lascivious conduct during the marriage relation, and there is no such charge here. It is merely charged that at the time of the marriage appellant had a loathsome disease. Apparently in making the charge appellee had in mind a venereal disease but did not in fact so charge nor did she charge or infer that it was the result of illicit sexual relations. Furthermore, there is evidence that the wife was in good faith in making the charge. Therefore, if in any circumstances, the court would be inclined to sustain the contention made by appellant that an unfounded charge of unchastity or infidelity against the husband would constitute cruel and inhuman treatment entitling him to a divorce, no such state of case exists here.

In view of the fact that appellant deserted his wife and the evidence indicates that he had no real cause for so doing, and the fact that he received a substantial salary, leaves little if any basis for holding that the court erred in granting appellee alimony or that the amount granted is onerous or excessive.

Wherefore the judgment is affirmed.