## Tackett v. Tackett.

May 30, 1939.

Allen & Tackett and J. B. Clarke for appellant.

C. P. Stephens for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Bernard Tackett, and the appellee, Tincy Tackett, were married in Floyd County, in 1928, and lived together as husband and wife in that county until August, 1936. Two children were born of this marriage, Charles Kent and Agnes Ann, who were seven and six years of age respectively when this suit was filed. Bernard filed suit seeking a divorce from Tincy in August, 1936, on the grounds of adultery and lewd and lascivious conduct. The appellee filed an answer and counterclaim charging the appellant with cruel and inhuman treatment. She sought to recover the sum of $5000 in alimony, and to obtain a general order of attachment on the appellant's property. The personal property was appraised at $820. Bernard did not reply to the answer and counterclaim, but the record shows that it was ordered by the court that the affirmative allegations of the answer be traversed of record.

The appellant's testimony was based upon what others had told him. Several of his witnesses testified that Tincy had told them of her improper relations with Audy Hill in the fall of 1935. Hill testified that he had been intimate with Tincy on at least one occasion. Tincy denied that she had had intimate relations with Audy Hill. She denied also that she had made any statements concerning such relations to the witnesses for the appellant. She testified that Bernard had mistreated and abused her, and that he was a confirmed drunkard and that, "He was running after some bad women and he gave me the bad disease." She introduced several witnesses, most of whom had known her when she and Bernard had lived in another community. Most of these witnesses testified that Tincy's reputation for virtue, chastity and general morals was good, in so far as they knew.

The attachment which the appellee sought was levied. On final judgment Tincy was granted an absolute divorce and given the custody of the two children. It was adjudged also that she was entitled to recover alimony on her counterclaim, and all of the personal property which had been attached was set apart to and ordered delivered to her in satisfaction of her alimony claim. It was further adjudged that Tincy be allowed $30 per month for the support of herself and her infant children. She was given a judgment for $270 for back alimony and maintenance.

The appellant is contending that the attachment was not supported by the allegations for a general attachment, and should therefore be discharged, and that the chancellor was not justified under any state of the case in giving all of his personal property to Tincy. It is contended that, even though the appellee be treated as blameless, which is not admitted by the appellant, the division of the property should have been one-half to the appellant and one-half to the appellee. The appellant claims that the record shows beyond a doubt that the appellee was not blameless in the disruption of the home. He is urging, therefore, that the allowance of $30 per month as alimony should not have been made, except for the benefit of the children, and that $15 per month for the two of them would have been fair and reasonable, considering their age and the station to which they were accustomed.

It is to be noted that there is no particular complaint about the divorce having been granted to the appellee instead of to the appellant, even though the record does not show that she asked for a divorce. However, we are not concerned with that question. The record shows that Bernard was a day laborer, but there is no showing as to the amount of his wages. We are at a loss to determine, therefore, as to what would be a reasonable monthly allowance for the support of Tincy Tackett and the two infant children.

Since we have reached the conclusion that the judgment of the trial court must be reversed as to the alimony allowed Tincy Tackett and as to the monthly support for her and the two children, we are directing that proof be taken as to Bernard Tackett's earnings, in order that a reasonable allowance be made for their support. We are also of the opinion that the trial court erred in giving all of the personal property, including the automobile, the two horses and the cow, to the appellee. When the matter of alimony for the appellee is determined by the trial court, an equitable division of the personalty should be made between the appellant and the appellee, with not more than one-half being set aside for the use of the appellee. Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412; Jones v. Jones, 261 Ky. 647, 88 S. W. (2d) 673.

Judgment reversed for proceedings as directed herein.