## Bell v. Bell.

Oct. 31, 1944.

Raymond Connell for appellant.

Geo. R. Smith, Gene Lair and Frank Ginocchio for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

After thirty-one years of married life, appellee, in December, 1941, filed suit for divorce and alimony against appellant, her husband, alleging cruel and inhuman treatment. In his counterclaim appellant asked for divorce upon the same grounds. The Chancellor decreed the divorce to appellee, and made the following award:

"That the plaintiff recover of the defendant, R. E. Bell, as alimony in a lump sum and *as her share of the property acquired during coverture,* an undivided one-half interest in and to the real estate held in the name of R. E. Bell, and bounded and described as hereinafter set out; however, the allowance made to the plaintiff herein shall be subject to the mortgage lien upon and against said real property in favor of the Midway Orphan School, which is now of record in the office of the Clerk of the Bourbon County Court.

"That the plaintiff, Orpah Scott Bell, recover of the defendant, R. E. Bell, as alimony in a lump sum, the proceeds of the property attached herein, which is held by the Clerk of this court, subject to further orders herein, *same being an undivided one-half of the proceeds of the sale of the attached crops.* Nothing, however, herein shall act to release said sum from the liens of any attaching creditors of the plaintiff thereon.

"It appearing that the real estate mentioned herein and *herein adjudged to belong, one-half to the plaintiff and one-half to the defendant,* can not be divided between the parties, it is ordered that the said real estate be sold, and out of the proceeds of said sale, the lien of Midway Orphans' School be paid, and that the balance after the payment of the costs of the said sale, be divided between the plaintiff and defendant." (Emphasis ours)

Appellant has appealed from so much of the judgment as awards any *alimony.* Appellee has cross-appealed, upon the contention that the award for alimony is inadequate.

Although the judgment describes the award as lump sum alimony, it is obvious that it is a mere resti-

tution to the wife of the real estate (and last year's harvest therefrom) obtained by the husband from the wife during the marriage; and no award was made for alimony in its true sense. The evidence as to the payments on the purchase price of the real estate is not as clear as it might otherwise have been, had not the records in respect to these payments been destroyed when a residence on the property was consumed by fire. There can be no doubt that both parties contributed to the purchase of the property, appellant from his earnings as a farmer, and appellee from her earnings as a school teacher. In view of the conflict in the evidence in respect to these payments, and in view of the fact that appellee engaged in her profession for the greater portion of her married life, we have concluded, as the Chancellor undoubtedly did, that she is entitled to be adjudged to be the owner of one-half of the real estate, and consequently is entitled to its restoration. It follows that, since she was the owner of one-half of the real estate, she is entitled to the undistributed one-half of the value of the crops harvested thereon in the last year of their married life.

We have concluded that the evidence is not sufficient to sustain a decree of divorce a vinculo to either of the parties. The testimony of the children of the parties convinces us that the wife is more at fault than the husband, which finding precludes her right of recovery of alimony. We will not discuss the evidence in respect to the marital difficulties of the parties, because it would serve no useful purpose, and its publication might be the source of some embarrassment to the children in later years. We hasten to state, however, that none of the evidence points to any act or conduct on the part of either of the parties involving moral turpitude. Our conclusion has been arrived at after a careful perusal and consideration of all the testimony in the case.

The judgment is affirmed.

Whole Court sitting.