## Clay v. Clay et al.

Dec. 11, 1945.

Edward C. O'Rear and H. Reid Prewitt for appellant.

Harry B. Miller, Fennell & Tucker, Samuel M. Rosenstein, and Robert Moss for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming in part, reversing in part.

The motion to dismiss the cross-appeal, having been passed to the merits of the case, now is overruled.

The action was instituted by appellant, William C. Clay, Jr., who sought a divorce from appellee, Elizabeth E. Clay, and the custody of their infant daughter. In her counterclaim, Mrs. Clay sought a divorce, alimony, custody of and maintenance for the child. The Chancellor granted the divorce to appellant; denied alimony to appellee; awarded alternate weekly custody of the child to each of the parties; and decreed that appellant should pay appellee $50 bi-monthly for the support of the infant while in the mother's custody. Appellee's attorneys were awarded $1,500 for their services, to be taxed as costs against appellant.

Appellant has appealed from so much of the judgment as denied him exclusive custody of the child, and as allowed more than $500 to appellee's attorneys. Mrs. Clay has cross-appealed from so much of the judgment as denied her alimony and the exclusive custody of the child. Mrs. Clay's attorneys have cross-appealed from the judgment denying them more than $1,500 for their services in the action.

This Court may not reverse a judgment granting a divorce. KRS 21.060; Hanks v. Hanks, 282 Ky. 236, 138 S. W. 2d 362. But it may review the evidence to determine the propriety of the judgment in other respects, such as awarding or refusing to award alimony, custody of children, and attorney fees. Winfrey v. Winfrey, 286 Ky. 245, 150 S. W. 2d 689.

In recent years, we have adhered more strictly to the policy of refusing to detail evidence in a written opinion, where, as here, its recitation will not benefit the Bar or future litigants by establishing precedents considered to be helpful as a guide in subsequent litigations. We believe this to be a case in which this policy should be adopted; especially since appellant, in his brief in this Court, commended the Chancellor's "admirable wisdom" in sealing the record from the public gaze, and has requested us to omit a review of certain portions of the evidence.

In granting the divorce, the Chancellor said: "* * * as Special Judge in this action I am hardly convinced that either the plaintiff or defendant is necessarily entitled to a divorce, * * *"

After carefully reviewing all of the evidence, which consists of more than twelve hundred typewritten pages, we are firmly convinced that neither party was entitled to an absolute divorce. We have arrived at this decision because we have concluded that neither of the parties is without fault in respect to the charges made against the other. Appellant is of a studious temperament, whilst appellee enjoys a more active association with her friends. The incompatibility of their personalities manifested itself on their honeymoon. This difference in likes and dislikes persisted, neither apparently willing to indulge the other, until whatever chance for happiness they otherwise might have had now appears to be hopeless. Appellant complains of his wife's wearing a play

suit to a badminton party; but he escorted her to the party, knowing that she was thus attired; however, if this were not true, we see nothing immoral about such an attire; it is a customary habit at such affairs. He complains of her conduct on two or three occasions, which he attributes to the fact that she took more than one drink of an intoxicating beverage. He testified that she could not successfully withstand the influence of intoxicants when she indulged in more than one "drink." These occasions were at neighborhood parties, where the hosts did not serve the guests, but each guest brought the drinks he expected to consume. On each of these occasions, appellant furnished appellee the liquor he now complains she drank, knowing, if it is true, that she was unable to withstand the effect of intoxicants. He points to this conduct as proof of his charge that appellee is unfit to have the custody of their child. But all the evidence concerning the occasions complained of failed to convince the Chancellor, and fails to convince us, that appellee is morally unfit to have the custody of her child.

Being of this mind, we are of the opinion that the decree should have been limited to a divorce from bed and board. It follows that an allowance for alimony should have been made, the amount of which is always difficult to determine. Mr. Clay testified that he has been maintaining his wife, daughter, and himself, upon a scale calling for an expenditure of approximately $5,000 per year; and that his net worth at the time of giving his deposition was approximately $11,000. He testified that, in the year 1943, his gross income was $5,440.77, from which he deducted contributions in the amount of $183.35, taxes in the amount of $16.64, losses in the amount of $65.50, and other deductions (unexplained) in the amount of $62.02; leaving a net income of $5,115.26. He estimated his income tax payable to the United States Government for the year 1944 upon the basis of his income in the year 1943. From this evidence, we conclude that the Chancellor should have entered judgment in favor of appellee for alimony in the sum of $100 per month; but retaining control of this part of the judgment for modificatioin, in the event of a change in condition of the parties.

Since both appellant and appellee are fit persons to have control of the child, we are of the opinion that the best interests of the child will be served by award-

ing appellee her custody from September 1 of each year until, and including, May 30 of the following; and appellant should have her custody from June 1 until, and including, August 31 of each year. When the child commences to attend school, the Chancellor will revise the dates if necessary, so as to include the entire school year in the nine months' period the mother shall have the custody. It shall be the duty of appellant to call for his daughter at her mother's home, and deliver her back, at the times indicated above. It is not contended that the bi-monthly award for the maintenance of the child is excessive; therefore, the decree in this respect will not be disturbed.

The award of $1,500 to appellee's attorneys at first blush would seem to be extremely liberal. But the record discloses that they have incurred personal expense amounting to nearly half the sum in preparing appellee's side of the case; and they have been required to perform extraordinary services in resisting interlocutory motions, and in attending the taking of multitudinous depositions. That being true, we are not disposed to disturb the Chancellor's allowance to the attorneys of record.

On the original appeal and the cross-appeal of the attorneys for Mrs. Clay, the judgment is affirmed; on the cross-appeal of Mrs. Clay, the judgment is reversed, with directions that it be set aside and another be entered in conformity with this opinion.