## Grubb v. Grubb.

May 27, 1949.

John F. Coldiron and Thomas E. Nickel for appellant.

L. D. Bruce for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This divorce action was instituted by the wife upon the ground of cruel and inhuman treatment. She asked an absolute divorce, the custody of their ten children, alimony in the sum of $3000, a reasonable allowance for herself and children and her court costs, including a reasonable attorney's fee. The husband's answer traversed the averments of the petition, and by way of counter-claim he asked an absolute divorce upon the same ground and asked that he be given custody of the children.

Much proof was taken by depositions and upon final submission of the case the chancellor declined an absolute divorce to either party, but granted the husband a divorce from bed and board. The judgment gave the wife the custody of the three youngest children, a baby and twins about two years of age, made an allowance to her of $70 per month for the support of herself and three children, and ordered the husband to pay the cost of the action, including a fee of $125 to her attorney. The husband was given the custody of all the other children, except the oldest son who is 17 years of age and appears to have been emancipated and is earning his own living. The wife appeals and the husband cross-appeals, each insisting upon an absolute divorce; and the wife urges she is entitled to alimony and a larger allowance.

The couple were married in 1926, at which time she was 17 and he was 33 years of age. He was a widower with six children, whom Mrs. Grubb testified she reared along with her own family. Mr. Grubb is a car repairer for the C. & O. Railway Company and his earnings

amount to about $200 per month. He owns a very modest home and an adjoining vacant lot in the village of Wurtland, also a small tract of land of little value. In addition to this real estate, Mr. Grubb had several hundred dollars in cash, war bonds and some building and loan stock. It is difficult to determine from the record just what is his net worth, but certainly it is not large and will not exceed $2000 or $3000. Some years ago Mr. Grubb got his hand injured while at work which left his thumb and first two fingers stiff. Also, he claims to have a bad leg.

Mrs. Grubb is a strong, robust woman weighing around 170 pounds and appears to be able to hold her own in any character of combat, whether it be verbal, fist and skull, knife throwing or wielding a milk bottle. The record shows that Mr. Grubb is no mild-mannered Chesterfield. He seems to have preferred doilies to towels after washing his face and hands, and sheets and counterpanes to bath towels after bathing. He was not averse to throwing pots and pans out the window or to emptying their contents on the kitchen floor when angry. There is evidence that he cruelly whipped his 13 year old son, Phillip, with a rubber hose. It is to the credit of Mrs. Grubb that she would come to Phillip's aid when his father would brutally attack the boy, and she generally left the field of battle as the victor and Mr. Grubb as the vanquished.

It would serve no useful purpose to detail the evidence as to the domestic strife of this couple and it will suffice to say that the chancellor fairly epitomized the situation when he wrote in his opinion:

"The court finds that the proof fails to establish plaintiff's claim of failure to provide. In fact the plaintiff had in her possession practically all of the money and bonds which this couple had accumulated—she also had accounts at two or more stores where she could obtain necessities. The evidence is conflicting as to the quarrelsome disposition of defendant, but the weight of the evidence indicates that he, while not always without fault, was rarely the aggressor in the difficulties; that on many occasions he had reason to be quarrelsome. The evidence is also conflicting on the question of abusive language of the defendant, but the weight of the

evidence indicates that plaintiff was the aggressor in most of these exchanges and had the larger vocabulary. Defendant's allegation of abusive language is admitted by plaintiff on several occasions and substantiated by other witnesses. Physical violence on one occasion within the 5 year period is also admitted by plaintiff. Failure to prepare meals is admitted to be true by plaintiff, but an explanation of this failure is attempted by statements that defendant refused to allow plaintiff to cook for him. There is evidence of a lack of efficiency and economy on the part of plaintiff but not of such nature that it would justify a divorce.''

Since both the wife and the husband were guilty of cruelty, neither was entitled to a divorce. KRS 403.-020; 27 C. J. S., Divorce, sec. 67, page 623; Smith v. Smith, 181 Ky. 55, 203 S. W. 884; Rigsby v. Rigsby, 266 Ky. 291, 97 S. W. 2d 835. As was said in the text just mentioned, ''Divorce is a remedy for the innocent against the guilty; hence, if both parties are equally at fault, a divorce will not be granted.'' But KRS 403.050 states a divorce from bed and board may be granted for any cause that allows divorce, or for any other reason that the court in its discretion considers sufficient. Such limited divorce may be decreed under pleadings asking an absolute divorce. Burns v. Burns, 173 Ky. 105, 190 S. W. 683; Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412. Under the facts presented in this record the chancellor did not err in granting the husband a divorce from bed and board, since it does not appear that the parties can live together in peace and harmony at this time. Couffman v. Couffman, 278 Ky. 393, 128 S. W. 2d 713.

In answer to the wife's argument that the allowance of $70 per month is not sufficient to support her and three very young children, we lift this from the chancellor's opinion:

''The court is now requested to perform a feat of magic in which he must produce a formula setting out how this family can be divided into separate units and continue to live on the admittedly inadequate income for one family of this size. The family to be provided for consists of plaintiff, defendant, and their eight children. Based on an average income of $200 per month,

this is $20 per month per person. The younger children probably will not require as much as the older ones who are in school or almost ready to enroll.''

It is obvious that $70 a month is not sufficient to properly maintain the wife and her three young children, nor is the remaining $130 of the husband's earnings sufficient to properly maintain him and the five older children he must support and educate. We wish there were some way in which we could alleviate this woman's financial plight. But unfortunately, we are not capable of performing feats of magic and are unable to produce a formula which will supply ample funds to maintain this family divided into separate units when there were hardly sufficient funds to support it as a whole. Should conditions change, the chancellor has authority to adjust the allowance to meet the new conditions. Likewise, should Mr. and Mrs. Grubb be able to forget their past differences and start life anew, the chancellor has authority to set aside his order granting the divorce from bed and board and they will again be husband and wife. KRS 403.050; Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412; Metcalf v. Metcalf, 244 Ky. 536, 51 S. W. 2d 675.

While alimony may be allowed the wife when granted a divorce mensa et thoro, Metcalf v. Metcalf, 244 Ky. 536, 51 S. W. 2d 675, the evidence in this record supports the finding of the chancellor that Mrs. Grubb was more in fault than her husband, which precludes her right to recover alimony. Bell v. Bell, 299 Ky. 7, 184 S. W. 2d 124.

The judgment is affirmed on both the appeal and the cross-appeal.