## WILLIAMS v. WILLIAMS.

Court of Appeals of Kentucky.
Dec. 6, 1951.

John F. Coldiron, Frank K. Warnock, Greenup, for appellant.

R. H. Riggs, Greenup, for appellee.

COMBS, Justice.

Appellant, George Williams, in his petition for divorce from his wife, Hazel Williams, charged her with the statutory grounds of cruel and inhuman treatment. She denied the allegations of the petition and, by counterclaim, asked for a divorce from bed and board. At the time the suit was filed in April, 1950, the parties had been married some 16 years, and had been separated for a little more than a year. They have one son, who is now 16 years old and who has lived with his father since the separation of his parents.

Appellant testified and took the deposition of his brother and one other witness. Although appellee is represented by counsel who cross-examined appellant and his witnesses, she did not testify and did not introduce any witnesses in her behalf.

The trial judge refused to grant appellant an absolute divorce, but did grant him a divorce from bed and board and awarded him custody of the child. The judgment directs that he pay to his wife the sum of $50 per month, and gives her the use of a dwelling house and the household goods acquired by the parties during their marriage. We infer from the record that the dwelling is owned jointly by the parties, although it is not clear on this point.

Appellant complains of the trial court's action in refusing him an absolute divorce. It would serve no useful purpose to elaborate on the testimony. It is sufficient to say that the uncontradicted evidence is that the wife is of a nagging, quarrelsome disposition, subject to occasional tantrums and the use of profane language. Appellant testified also that she withdrew money from their joint bank account, which was to be used in his business, and concealed the

money from him. If this were all of the testimony we would have no hesitancy in saying that appellant is entitled to an absolute divorce. But he was asked on cross-examination: "How many times have you whipped your wife?" and answered, "I don't know." He admitted he had slapped her "on plenty of occasions" and had struck her with his fist. He also admitted on cross-examination that he had been keeping company with another woman, although it appears he did not start "going with her" until after his separation from his wife. We conclude that both parties are at fault, and that the trial court was correct in refusing to award appellant an absolute divorce.

We now discuss the propriety of the trial court's action in awarding the wife alimony. Appellant cites the cases of Grubb v. Grubb, 310 Ky. 449, 220 S.W.2d 1000, and Bell v. Bell, 299 Ky. 7, 184 S.W.2d 124, in which it was held that where a husband is granted a divorce from bed and board, and the testimony shows the wife is more at fault than the husband, she is not entitled to alimony. Conceding this to be the correct rule, it is not applicable here. While it is difficult to judge the comparative fault of the parties in this case, we think it is fair to say they are equally at fault. The case of Clay v. Clay, 301 Ky. 547, 191 S.W. 2d 819, is more nearly in point. In that case it was held that the decree of absolute divorce awarded to the husband should have been limited to a divorce from bed and board, and that as neither of the parties was without fault, an allownce of alimony should have been made to the wife.

Appellant is somewhat evasive about the amount of his income, but he testified that for tax purposes for the year 1949 he reported an income of more than $2,000. We think the allowance of $50 per month to the wife is reasonable.

In view of the fact the son is now living with his father, and refuses to live with his mother, the trial judge exercised a sound discretion in awarding custody of the son to the father.

We are also of the opinion the trial judge did not abuse his discretion in permitting the wife to live in the dwelling owned by the parties. It has been held that a provision in a divorce decree awarding temporary occupancy of a dwelling to the wife does not violate KRS 403.060, which provides that no allowance to a wife shall divest the husband of fee simple to realty. Drane v. Drane, 304 Ky. 398, 200 S.W.2d 930, 931.

It is noted that the trial court has retained jurisdiction of the case. That part of the judgment permitting the wife to live in the dwelling, therefore, is temporary in nature. The trial court has authority to modify the judgment, in the event of a change in the condition of the parties.

The judgment is affirmed.