William C. CLAY, Jr., and Esther B. Clay, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 1348.

United States District Court E. D. Kentucky, at Lexington.

June 28, 1960.

Supplemental Opinion Aug. 4, 1960.

Clay & Edwards, Mt. Sterling, Ky., for plaintiffs.

Jean L. Auxier, U. S. Atty., Lexington, Ky., Herbert L. Awe, Trial Atty., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., James P. Garland, David A. Wilson, Jr., Washington, D. C., Charles A. Brady, Attys., Dept. of Justice, Chicago, Ill., for defendant.

HIRAM CHURCH FORD, Chief Judge.

By this action, Plaintiffs seek to recover the amount of internal-revenue taxes computed upon alimony payments made by the Plaintiff William C. Clay, Jr., to his former wife, Elizabeth E. Clay, alleged to have been erroneously and illegally assessed and collected by the Commissioner of Internal Revenue for each of the tax years 1949 through 1956.

The crucial question is whether the installment payments of alimony here in question qualify as "periodic" payments under the provisions of the 1939 and 1954 Internal Revenue Codes, both of which preclude installment payments on a lump sum of alimony from being treated as "periodic" payments deductible by the husband unless, "by the terms of the decree, instrument, or agreement, the principal sum * * * is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement." Sections 22 (k) and 23(u) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. §§ 22(k) and 23(u); Sections 71(c)(1) and (2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 71(c)(1) and (2).

Under these provisions of the 1939 and 1954 Revenue Codes, installment pay-ments of alimony which do not qualify as "periodic" payments under the ten-year test were not deductible on the income tax returns of the Plaintiff, William C. Clay, Jr., in the tax years here involved.

The case is submitted upon the following Stipulation of facts:

"(1) This action arises under the Revenue Act of 1939, as amended, 53 Stat. 862, 26 U.S.C.A.; and under the Internal Revenue Code of 1954, as amended, 68a [A] Stat. 3, 26 U.S. C.A.; with jurisdiction being conferred by the Act of October 31, 1951, as amended, 65 Stat. 727, 28 U.S.C.A. [§] 1346.

"(2) The sole question presented is whether or not for the years involved the plaintiffs were entitled to deduct on their income tax returns payments of alimony made by the plaintiff William C. Clay, Jr. to his former wife.

"(3) The plaintiff William C. Clay, Jr. was granted a divorce by a decree of the Montgomery Circuit Court entered on December 21, 1944.

"(4) On December 11, 1945, the Court of Appeals of Kentucky in an opinion reported in William C. Clay, Jr. v. Elizabeth E. Clay, 301 Ky. 547, 191 S.W.2d 819, said: 'From this evidence, we conclude that the Chancellor should have entered judgment in favor of appellee (Mrs. Elizabeth E. Clay) for alimony in the sum of One Hundred Dollars ($100.00) per month; but retaining control of this part of the judgment for modification, in the event of a change in condition of the parties.'

"(5) On December 14, 1946, the Montgomery Circuit Court, pursuant to a mandate of the Court of Appeals of Kentucky entered an order in the same action providing in part: 'That the defendant, Elizabeth E. Clay, be, and she hereby is, awarded alimony in the sum of One Hundred ($100.-00) Dollars per month to be paid by the plaintiff, beginning December 21,

1944, the date of the entrance of the original judgment herein, and the Court reserves control over this part of the judgment for modification in the event of a change in the condition of the parties.'

"(6) On February 18, 1946, in settlement of the obligation arising under the divorce decree, the husband (the plaintiff herein) agreed to pay, and the wife agreed to accept, a lump sum of Ten Thousand Dollars ($10,000.00) payable in units of One Thousand Dollars ($1,000.00), with the first payment becoming due on February 18, 1947, and continuing annually thereafter at the rate of One Thousand Dollars ($1,000.00) per year until the lump sum of Ten Thousand Dollars ($10,000.00) was fully paid. The final payment was due on February 18, 1956.

"(7) On February 25, 1946, the Montgomery Circuit Court entered an amended and supplemental judgment approving the settlement agreement made between the plaintiff William C. Clay, Jr. and Elizabeth E. Clay.

"(8) In accordance with the agreement the plaintiff William C. Clay, Jr. paid One Thousand Dollars ($1,000.00) alimony in each of the years 1947 through 1956 inclusive, with the last payment being made on February 25, 1956."

Notwithstanding the Court order of December 14, 1946, it appears from the Stipulation that the parties chose that all payments of alimony herein involved be made pursuant to the agreement of February 18, 1946, and in accordance with its terms they were made (par. 8). There is nothing in the record to indicate that any payments of alimony were made pursuant to the order of the Montgomery Circuit Court entered on December 14, 1946. The parties chose to abide by their settlement agreement, as they had the right to do. Corrigan v. Corrigan, 305 Ky. 695, 205 S.W.2d 495; Gardner v. Gardner, Ky., 280 S.W.2d 198.

Since the agreement of February 18, 1946, was approved by the Court on February 25, 1946 (par. 7), many months prior to the belated order entered by the Court on December 14, 1946, (par. 5), the payments of alimony upon which the tax is sought to be recovered herein obviously did not arise or emanate from the order of December 14, 1946. The mere fact that the payments were admittedly incidental to the decree of divorce entered by the State Court in 1944 without any allowance of alimony (Clay v. Clay, 301 Ky. 547, 191 S.W.2d 819), (Stipulation par. 4), is not determinative of the prescribed ten-year test.

The agreement approved by the Court provided:

" * * * in settlement of the obligation arising under the divorce decree, the husband (the plaintiff herein) agreed to pay, and the wife agreed to accept, a lump sum of Ten Thousand Dollars ($10,000.00) payable in units of One Thousand Dollars ($1,000.00), with the first payment becoming due on February 18, 1947, and continuing annually thereafter at the rate of One Thousand Dollars ($1,000.00) per year until the lump sum of Ten Thousand Dollars ($10,000.00) was fully paid. The final payment was due on February 18, 1956."

Thus the payments of alimony were to be made within a period of ten years and were not "to be paid over a period ending more than ten years from the date of such * * * agreement."

My conclusion is that the installment payments of alimony here in question were not "periodic" payments within the meaning of the controlling provisions of the Internal Revenue Statutes, and Plaintiffs were not entitled to deduct them on their income tax returns for the years involved. Commissioner of Internal Revenue v. Blum, 7 Cir., 187 F.2d 177. The fact that payment of the final installment was deferred until February 25, 1956, does not alter the terms of the agreement which provided "the final payment was

due on February 18, 1956." Stecker v. Commissioner, 31 T.C. 749, 752.

For the reasons indicated, let judgment be entered denying the claims asserted by the Plaintiffs.

### Supplemental Opinion

Upon further consideration of the question presented in this case after the correction of paragraph 5 of the Stipulation of Facts by changing the date of the order of the Montgomery Circuit Court entered pursuant to a mandate of the Court of Appeals of Kentucky, from December 14, 1946, to February 14, 1946, I find no ground for altering the views expressed (other than those relating to the date of the order) or the conclusion stated in my Memorandum filed herein on June 28, 1960. Let judgment be entered accordingly.